UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 31, 2012

---------------------------------------------------------------x

ZHAO HUI CHEN,                                    :

                     Plaintiff,                  :        10 Civ. 0414 (PAC)

      -against-                              :        ORDER

JIN HOLDING GROUP INC., d/b/a Jin Restaurant, :
et al.,
                                   :

                    Defendants.

                                   :

---------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

After a short trial, the jury returned a partial verdict in Plaintiff's favor.  Both sides have calculated the shortfall in Mr. Chen's wages; the Defendants calculated the back wages due at $4,019.89; and the Plaintiff at $4,665.98.  The Plaintiff's calculation is more complete and accurate and the Court determines that Mr. Chen is owed $4,665.98 in back wages.

With respect to attorney's fees and expenses, Plaintiff's chief attorney, Mr. Lee, claims that he, his partner, and one associate, worked a total of 445 hours,[1] worth $146,340, plus expenses of $2,156.58, for a total of $148,496.58.  Counsel claims that the reasonable value of his and his partner's services is $350 /hr., and his associate's $250/hr.

Plaintiff's initial calculation of damages was approximately $70,000.  The attorney's fee sought is more than twice the initial ad damnum, and more than thirty times the amount of the judgment to be entered in Mr. Chen's favor.  Defendants argue that both the hourly rate sought and the hours expended are excessive.

The Fair Labor Standard Act provides that when there is a "judgment awarded to the

---

[1] Mr. Lee maintains he billed 309.7 hours, his partner, Mr. Kraselnik, 41.3 hours, and an associate, Youngha Chiang, 94 hours, for a total of 445 hours.

plaintiff," in addition to that award, the Court shall "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."  Since Mr. Chen is the prevailing party, his attorney, Mr. Lee, is entitled to a "reasonable attorney's fee."  The statute does not contemplate a windfall recovery of attorney's fees.

The point of origin in calculating a reasonable fee is to ascertain the hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  <u>Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany</u>, 522 F.3d 182, 186 (2d Cir. 2008).  While the starting point may be clear, the path to be followed is less precise.  As the <u>Arbor Hill</u> court recognized:

> The net result of the fee setting jurisprudence here and in the Supreme Court is that the district courts must engage in an equitable inquiry of varying methodology while making a pretense of mathematical precision.  <u>Id.</u> at p. 189.

One approach, the lodestar approach, is for the district court to determine:

> "what a reasonable, paying client, would be willing to pay, consider [ing] factors including, but not limited to, the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively . . . the timing demands of the case . . . and other returns (such as reputation, etc.) that an attorney might expect from the representation."  <u>Id.</u> at p. 184.

The <u>Arbor Hill</u> court also recognized the twelve specified factors to establish a reasonable fee set forth by the Fifth Circuit in <u>Johnson v. Georgia Highway Exp., Inc.</u>, 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 92-93 (1989).  The <u>Johnson</u> approach is a one-step inquiry, while the lodestar method contemplates determining a reasonable rate, multiplied by the reasonable hours.  <u>Id.</u> at 189.

The <u>Johnson</u> factors include:

> (1)  The time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney

due to accepting the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 186-187.

**Arbor Hill Factors**

With reference to the Arbor Hill factors ("an equitable inquiry of varying methodology"), this case was not very difficult.  It involved a single plaintiff, who alleged that his employer, a small restaurant owned by two people, had not paid him the minimum wages, or the overtime for work in excess of 40 hours, or the spread of hours and had done so willfully.  The plaintiff's employment occurred in an 8-month period from December 29, 2008 to August 5, 2009.  It involved no novel questions of either law or fact; and did not present any difficult issues.  There were few documents to be produced and only two depositions taken—one of the defendant Judy Wu; and one of the plaintiff.

The uncomplicated case was well within the capabilities of someone like Mr. Lee, considering his years at the bar and his legal specialty in wage and hours matters.  By applying his skills to this uncomplicated fact pattern, he was able to obtain a positive result; Mr. Chen is the prevailing party.  Mr. Chen received partial relief on his claim, and he has obtained an enforceable judgment against the defendants.  He now seeks legal fees.

The jury awarded him less than $5,000, or approximately 6% of the $70,000 he initially sought.  If the attorney's fees are awarded in the amount sought, it would be a windfall to Mr. Lee—so that he will be the only truly successful party in this action.

Mr. Lee argues that there need not be proportionality between the award (here, tiny) and the fee (here, very large).  There is some merit to his argument.  Section 216(b) of the FLSA is

3

designed at least in part to secure legal representation for those who have been injured, but for whom the monetary damages are too small to encourage a private attorney to take the case.  In this particular case, a small restaurant, with only a few employees, and little potential for a collective action, plaintiff might well be without a remedy, if no "reasonable fees" were permitted by statute.

On the other hand, the Supreme Court has repeatedly recognized success in litigation as a critical factor in the reasonable fee which may be awarded.  Hensley v. Eckerhart, 461 U.S. 424 (1983).  And where plaintiff has obtained only limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." Farrar v. Hobby, 506 U.S. 103, 114 (1992) (citation and quotation marks omitted).  After considering the amount and nature of damages awarded, "the court may lawfully award low fees or no fees . . ." Id. at p. 115.  To hold otherwise, might result in a windfall for attorney. Ibid.

Mr. Lee's demand of $70,000 was very high and much of the work Mr. Lee did was attributable to a demand which almost compelled litigation.  The hours expended in pursuit of an inflated goal are not reasonable and should not be compensated.  Counsel must be reasonable in analyzing the value of the case, rather than hoping that lightning will strike.  Certainly, Defendants should not be forced to pay inflated legal fees, where the inflation is attributable to the dogged pursuit of an unreasonable goal.

**Hourly Rate**

Mr. Lee seeks an hourly rate of $350.  Given his longevity at the bar, his experience with wage and hours claims, the recent written client retainer letters he submitted shows a billing rate of $350, as well as the fees awarded in comparable matters, an hourly rate of $350 is reasonable.

Indeed, it is the fee allowed in a comparable wage and hours case involving Mr. Lee.  Kok Wong

v. Hunda Glass Corp., et al., 09 Civ. 4402, a decision by U.S. Magistrate Judge Ellis on

September 1, 2010.  Based on the foregoing, the Court finds that the hourly rate of $350 sought

by Mr. Lee and his partner, Mr. Kraselnik, is fair and reasonable.

**Hours Expended**

As indicated, this was not a very complicated case; it is a simple and straightforward a

matter as an FLSA case can be.  There was one plaintiff, two individual defendants and one

corporation.  Only two depositions were taken, and a limited number of documents were

produced.  The only moving parts in the litigation were the number of hours worked, and the

amount of compensation received during the 8 months that plaintiff worked for defendants.  The

case was well within the range of Mr. Lee, who is quite familiar with wage and hours cases, the

legal requirements involved, and the work necessary to prepare and try such a case.

Youngha Chiang claims 94 hours, expended during the three week period from February

18 to March 9.  Her work is described as:  "Review case for trial preparation/trial

preparation/and trial."  These descriptions are not adequate.  Moreover, all of the claimed time is

redundant and duplicative to the 76 hours Mr. Lee claimed for the same work during the same

period and the 14 hours Mr. Kraselnik claimed, as well.  There was no need for a total of 184

hours spent in trial preparation.  The Court personally observed what Youngha Chiang did at

trial.  Mr. Lee conducted the entire trial; he opened and closed; he examined and cross-examined

all witnesses; he was completely in charge.  Youngha Chiang did not participate as trial counsel;

at best, she was a spectator.  The Court disallows all of the time claimed for Youngha Chiang.  It

is the same time claimed by Mr. Lee and Mr. Kraselnik.  In a simple, straightforward case like

this, however, only one trial attorney was necessary.

With respect to Mr. Kraselnik's 41.3 hours, the bulk of that time was spent in discussing the case with Mr. Lee, or reviewing documents prepared by Mr. Lee or in "Trial Preparation," although he did not participate at trial.  Other entries included:  "Provide comments," "Discussions regarding deposition strategies.  Review file," "Internal discussions," "Review draft pretrial documents."  None of this work was necessary.  The case was well within the abilities of Mr. Lee, who is fully competent.

A client like Mr. Chen, who was working for a minimum wage, could not afford two or three lawyers.  He took his case to one qualified lawyer, Mr. Lee.  The fact that Mr. Lee decided to talk or consult with others should not redound to his firm's great benefit, at the expense of defendants.  Mr. Kraselnik did spend 2.8 hours in preparing and revising the complaint, attending to its service on the three defendants.  Those hours will be allowed at $350 for a total of $980, but the Court will not allow the balance of the time claimed.

With regard to Mr. Lee's hours, they are excessive for the work done.  For example, on May 3, 2010, Mr. Lee expended .6 hours on:  "Prepare notice of change of address to the Court." Status conferences with the Court on August 31 and October 4 are billed at 1.5 hours on each occasion.  The Court's diary of those same dates reflects that each conference only took 15 minutes.  The time spent for deposition preparation of one of the defendants, Judy Wu, and preparation of the plaintiff are excessive.  Certainly, Mr. Kraselnik's time claimed for preparing for Ms. Wu's deposition is duplicative.  Furthermore, he did not depose her, Mr. Lee did.  Time spent on "pretrial memo of law," "jury questionnaire and verdict sheets" is also excessive.  An attorney with Mr. Lee's experience and knowledge of the wage and hours law should have these standard materials readily available, especially for a case which is so simple and direct.  Finally, as previously indicated, much of the time expended was due to the unrealistic value Mr. Lee put

on the case.  Plaintiff prevailed and the jury returned a verdict in his favor; but the victory was a

very limited one.  The jury rejected plaintiff's arguments that he worked 10 hours per day; and

that he worked half days in addition to five full days.  Further, the jury found that defendants did

not willfully violate New York State law.  Upon calculation, the jury's verdict resulted in a very

modest, almost de minimis recovery of $4,665.98.  It is not reasonable to continue to pursue an

unreasonable goal, run up hours, and seek reimbursement from defendants for every hour

expended.  The Fair Labor Standards Act ("FLSA") was not designed to create a windfall for

attorneys.  See Farrar v. Hobby, 506 U.S. 103, 115 (1992).  The Court can consider the degree of

success obtained in deciding what is a reasonable fee.  In light of the limited success, and the

unfair result which would arise from awarding the fees for hours spent in pursuit of an

unreasonable goal, the Court must reduce the fee allowed.

      The Court determines that a reduction of 40% in the hours claimed by Mr. Lee from

309.7 hours to 186 hours would be sufficient to cover the reasonable hours expended.  The

reduction addresses the excessiveness of the hours for the tasks performed, the redundancy of

hours claimed by three attorneys for doing the work which one attorney could have done, and the

time spent in pursuit of an inflated target.  The reduction eliminates the windfall that Mr. Lee

would otherwise enjoy.

      The reasonable rate of $350/hr. applied to the reasonable hours allowed (186) results in

an allowance of $65,100 for Mr. Lee.  The value of Mr. Kraselnick's service is $980.  The Court

will allow expenses of $2,051.14, but disallows Mr. Lee's claim for subway fare and lunch

money expended during the trial in the amount of $105.44.  The total amount of attorney's fees

allowed is $65,100 (Mr. Lee), plus $980 (Mr. Kraselnick), for a total of $66,080, plus expenses

of $2,051.14, for a total of $68,131.14.

The Clerk of the Court should enter judgment in favor of plaintiff Mr. Chen in the

amount of $4,665.98, and allow attorney's fees and expenses in the amount of $68,131.14.

Dated: New York, New York
      January 31, 2012

SO ORDERED

PAUL A. CROTTY
United States District Judge

8